# Lehr's Appeal.

1. The Orphans' Courts of this commonwealth have no power under the Act of Oct. 13th 1840, section 1 (P. L. 1), to open decrees confirming the accounts of executors, administrators and guardians, and to re-examine said accounts, where the balance thereby found to be due has in the meantime been actually paid and discharged.

2. A petition for such opening and re-examination will not be entertained unless it sets forth all the facts necessary to give the Court jurisdiction, and among others the fact that the balance found to be due by the account has not been actually paid and discharged.

May 4th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

APPEAL from the Orphans' Court of *York county*. Of May Term 1881, No. 148.

This was an appeal by Adam Lehr, a legatee under the will of Philip Lehr, deceased, from a decree of said Court, dismissing his exceptions to, and confirming the amended report of an auditor appointed to distribute the balance on the account of the executors of said Philip Lehr, deceased, of whom the said Adam Lehr is one.

Philip Lehr, by his will, dated May 15th 1860, proved

August 7th 1865, disposed of his estate and appointed Adam Lehr and Daniel Heckert his executors. They filed their account July 27th 1866, which was confirmed by the Orphans' Court, and an auditor was appointed to report distribution of the balance. The auditor filed his report November 22d 1866, which, not being excepted to, was confirmed *sec. reg.* The executors afterwards, on December 29th 1866, paid to the legatees of the testator the amounts so awarded to them, and took releases therefor.

On May 30th 1867, John Lehr, one of the legatees, filed his petition for a review, averring that the auditor had erred in the construction of the will of Philip Lehr, whereby a less sum had been awarded to him than he was entitled to; "that he was dissuaded by his brother Adam, one of said executors, from inquiring into the matter while the said distribution was in process of being made, he being then resident about thirty miles above Harrisburg, and was assured by him that all would be right, and that in consequence the decree of confirmation went against him by default;" and he prayed the Court to open the decree of confirmation of the auditor's report, and re-commit it to the auditor for a review, &c.

The answers of the executors denied that Adam Lehr had dissuaded the petitioner from examining into the matter, and set forth that they had paid over the balance according to the distribution reported by the auditor and confirmed by the Court.

After argument, the Court, on July 7th 1868, in an opinion by FISHER, P. J., held as follows : " As regards the construction given by the auditor to the devise to John Lehr, in the will of Philip Lehr, we think he was in error.

\* \* \* \* \* \*

" The difficulty about this matter is not in the construction of the will, but arises from the fact that the executors have paid out the funds in their hands, according to the decree of distribution reported by the auditor, and confirmed by the Court. Should this Court not be able for this reason to correct the report of the auditor, in our opinion great injustice will be done to petitioner. If any way can be devised that will do justice between the parties and not prejudice the executors, it ought to be adopted. We have, therefore, come to the conclusion to re-commit the report of the auditor, with directions to report a distribution according to the views of the Court expressed in this opinion.

" To the end that all persons interested may be made parties to the proceedings, we will also direct that the auditor issue his citation, commanding all parties interested in this matter to ap-

[Lehr's Appeal.]

pear before him at a certain time and place to be fixed by him, and to become parties to this proceeding if they think proper, and when and where he will re-hear this distribution. After the report is made, we will allow any persons interested to file exceptions to the same. If confirmed, we will award restitution by the executors of the part improperly awarded to them, and will direct that restitution be made by each of the other legatees of the amounts improperly awarded to them, and if not refunded will issue attachment or executions to enforce the decree. By this method we think justice may be done to John Lehr, the petitioner, without doing injury to the executors."

The auditor, after a re-hearing, filed an amended report December 9th 1868, in accordance with the above opinion, to which Adam Lehr filed, *inter alia*, the following exception :

1. That the Court had no jurisdiction to make the order and decree dated July 7th 1868, and to order the said auditor to re-hear his former report of distribution, and report a distribution in conformity to the opinion and instructions contained in said decree.

The Court, on March 23d 1881, entered a decree dismissing the exceptions and confirming the report. No opinion was filed. Adam Lehr took this appeal, assigning for error the decree.

*Cochran & Hay*, for the appellant.—We do not admit that the auditor's construction of the will of Philip Lehr was erroneous. But admitting it to have been so, the Court erred in granting the petition for a review. The petitioner admitted that he knew of the hearing before the auditor and of the filing of the report, to which he filed no exceptions. He did not aver error of law appearing in the decree, and if he intended to allege fraud, it was responsively denied. He waited until after the term had elapsed, and the money had been paid in accordance with the decree. Under the Act of October 13th 1840 (Purd. Dig. 1109, pl. 49), a petition for review must set forth that the balance found due has not been paid over by the accountant : Russell's Appeal, 10 Cas. 260 ; McNeel's Estate, 18 P. F. Smith 412 ; Bishop's Appeal, 2 Cas. 470 ; De Witt *v.* Yates, 10 Johns. 156.

*W. C. Chapman*, for the appellee.—The Court below demonstrated that the construction of the will of Philip Lehr on which the fund was distributed was erroneous. The decree confirming the report was entered *pro forma* under the rules, without a hearing by the Court, and as the Court was satisfied that injustice had been done to the testator as well as to the

appellee, it had control over its own decree to open it, on a petition for review. The appellee seeks to wrong no one, but to reclaim his own money from those who have received it by mistake.

Mr. Justice GORDON delivered the opinion of the court, June 13th 1881.

The executors of Philip Lehr's estate filed their account in the register's office of York county, on July 27th 1866, which was duly presented to the Orphans' Court and confirmed. An auditor was appointed, September 18th 1866, to distribute the balance of money found to be in their hands. On the 22nd of the succeeding November the* auditor filed his report, which was, so far as appears by the record, confirmed without opposition, and in December following the executors distributed the money in their hands to the legatees as directed by the decree of the court. Thus was the matter fully closed up in regular order, in accordance with the terms and conditions prescribed by the Act of Assembly.

Then, on May 9th 1867, we have the petition of John Lehr, the appellee, for a review of the previous proceedings, on the ground that the auditor had misconstrued the will of Philip Lehr, and that he, the petitioner, had not received as much of the estate as lawfully belonged to him. This petition was entertained by the court, which, after reviewing the former report, came to the conclusion that it was wrong, and referred it back to the auditor with directions to re-hear the parties, and make distribution according to the principles expressed in the opinion of the learned judge who delivered it. On December 9th this second report of the auditor was filed, and upon it the decree was rendered which is the subject of the present appeal.

Now, it may be that the interpretation of Philip Lehr's will, put upon it by the learned judge of the Orphans' Court was the right one, and that the appellant, had he presented his claim in time, would have been entitled to the full amount awarded to him by the court's decree. This, however, is a matter which we do not propose to discuss, since the discussion would be fruitless. The appellee's petition for a review came too late, and it was, in itself, fatally defective, hence, it ought not to have been entertained. This proceeding is under the Act of October 13th 1840, which provides for petitions of review, and gives the judges of the Orphans' Court power to open their decrees of confirmation and to re-examine the accounts of executors, administrators and guardians. But the proviso to that act expressly stipulates that its provisions shall not extend to

[Harberger's Appeal.]

any case where the balance found due shall have been actually paid and discharged.

As, in the case in hand, distribution had been made by the executors to the parties entitled under the original decree, it is very clear, if we are to be governed by the statute, that the court had no jurisdiction to entertain the petition; hence its decree thereon was void and of no effect.

Moreover, the petition is defective in this, that it does not allege that the balance found to be due was not paid over by the accountants. The petition is in the nature of a bill in equity, and must set out all things necessary to give the court jurisdiction; here, however, the one thing of all others, necessary to give the court jurisdiction, is omitted. This was, of itself, fatal to the plaintiff's case, and his petition, for this reason, were there none other, ought to have been refused. Russell's Appeal, 10 Cas. 258.

The decree of the court below is now reversed and set aside, and the petition of the plaintiff dismissed, at the costs of the appellee.