# Ehrhart's Estate.

*Orphans' court—Decree—Distribution—Mistake—Power to set aside decree —Intestacy—Conflict of laws.*

Where the orphans' court in accordance with the laws of Pennsylvania awards all of the personal property of a deceased married woman dying without children to her husband, who was also her administrator, when it should have awarded him only one-half of the estate in accordance with the law of Maryland, where the decedent was domiciled, the court has power to revoke the decree, and make the distribution which it should have made in the first place.

Argued March 15, 1906. Appeal, No. 11, March T., 1906, by George Ehrhart, from decree of O. C. York Co., dismissing exceptions to auditor's report in Estate of Priscilla Ehrhart, deceased. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Exceptions to report of H. C. Brenneman, Esq., auditor.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*James G. Glessner*, for appellant.—The petition for review failing to set forth "that the balance found due was not paid over by the accountant," the court had no jurisdiction to make the following order and decree: Lehr's App., 98 Pa. 25.

At the first audit no evidence was adduced to show that the statutes of Maryland regulating the distribution of this estate were different from the statutes of Pennsylvania; they will, therefore, be assumed to be the same as our own, until shown by competent evidence, to be different: Bollinger v. Gallagher, 144 Pa. 205; Cabarga v. Seeger, 17 Pa. 514.

*T. Scott Offutt* and *Edward Chapin*, with them *John I. Gellott*, for appellee.—It is submitted, that the orphans' court, aside from the act of 1840, had the power to entertain the petition of the appellees, under the general and inherent authority which all courts have to correct their own mistakes, caused by inadvertence, where the rights of no third persons have intervened, and that this power so far as it relates to the case at bar was not affected by this act, and the court had jurisdiction, notwithstanding that there was no allegation that the balance found to be due had not been paid over: Kinter's App., 62 Pa. 318; Seager's Est., 6 Pa. Dist. Rep. 105; Gillen's App., 8 W. N. C. 499; Whelen's App., 70 Pa. 410; Bucknor's Estate, 7 W. N. C. 470.

OPINION BY HEAD, J., April 23, 1906:

It is clear that the first distribution made by the auditor and the decree of the orphans' court finally confirming the same were radically and seriously wrong. They resulted in depriving the appellees of the one-half of the entire personal estate of their deceased sister, Priscilla Lenhart, to which they were plainly entitled under the law, and in giving the same to the appellant, the surviving husband of the deceased, who was also

her administrator, and who had no legal right whatever to that portion of the fund.

Of such a result, even when brought about under forms of law, we may properly say, in the language of Mr. Justice PAXSON in Johnson's Appeal, 114 Pa. 132, "it was so gross a mistake as to amount to a legal fraud." As soon as the facts pointing out the existence of such mistake in its former decree were brought to the attention of the court below, it promptly instituted proceedings to correct the same, and, after hearing, entered a final decree making the distribution as it should have been made in the first instance. From this decree this appeal has been taken by the husband of the deceased, the sole beneficiary of the error in the first decree. Inasmuch as orphans' courts are, within their proper sphere, courts of equitable jurisdiction whose proceedings and decrees, generally speaking, aim at giving such relief as justice and equity may require, it would seem manifest that the decree appealed from should meet with our approval, unless the appellant can rely on some statute taking away the inherent power, possessed by all courts, of correcting errors in their own judgments where no rights of third parties have intervened; or limiting the time within which such a power might be exercised to a period that had fully elapsed before any relief was sought. A brief statement of the facts and the application to them of well-settled legal principles will show that this appeal cannot be sustained on either ground.

Priscilla Lenhart died in January, 1899, at her home in Baltimore county, Maryland, intestate and without issue, leaving to survive her a husband, the appellant, and a number of brothers and sisters, the appellees. Letters of administration on her estate were granted to her husband there, and this administration, under the laws of the state of her domicile, would be the primary or principal one for the settlement of her affairs. As a portion of her estate consisted of money due her from the estate of her father who was a resident of York county, Pennsylvania, at the time of his death, it was necessary to raise an ancillary administration in that jurisdiction and letters for that purpose were granted to her surviving husband, who thus became both principal and ancillary administrator. In due time he settled a partial and then a final account, both of which were confirmed without objection from any source. They showed a balance

in his hands, after payment of all debts and costs, of $979 for distribution to and among those legally entitled to share therein.   Although seven of the appellees were then living in York county they were given no actual notice of the proceedings and no one appeared before the auditor but the appellant and his counsel.   The fund for distribution was personal estate. The auditor was not informed by the administrator that the laws of Maryland, the state of the domicile of the intestate, were different from those of Pennsylvania in cases like the one before him, and when the administrator claimed the whole of the fund as surviving husband, and no one appeared to object, the auditor awarded " the entire balance, less costs of audit to George Ehrhart."   No exceptions having been filed, this report became finally confirmed, in due course, on April 28, 1901.

Had the deceased been, at the time of her death, a resident of Pennsylvania and the distribution of her estate directly controlled by our laws, the decree would have been " according to law " and right in every respect.   But the laws of Maryland, as appears from the record, gave to the surviving husband only the one-half of the personal estate of his deceased wife, awarding the remaining one-half to her brothers and sisters; and as it requires no citation of authorities to prove that, in such a case and for the purposes of such a distribution, our state accepts and adopts, as her own, the laws of the sister state in which the deceased was domiciled, it follows that this estate was not distributed, in the first instance, " according to law."

When, in May, 1903, the appellees, having been apprised of the situation, filed their petition asking that the decree confirming the auditor's report be stricken off so that the error already recited might be corrected, and further that the accounts be opened to permit them to contest two items of credit wrongfully allowed, as they claimed, their right to any relief was resisted by the appellant on the ground that the court, under the act of October 13, 1840, had no jurisdiction to review the proceedings.   The reasons assigned were that as to the alleged errors in the accounts, they were not set forth with the particularity required by that act; and as to the distribution, there was no formal allegation in the petition that the fund, in the hands

of the accountant, had not been paid over to the party to whom it was awarded by the decree. As the subsequent proceedings effected no change whatever in the accounts as filed, this feature of the case may be dismissed without further consideration.

The parties who were seeking relief were the same persons who had been injured by the former erroneous decree; the court to which they applied was the same court which had inadvertently made the mistake complained of; the party against whom the relief was sought was the identical person who alone had profited by the mistake and the relief prayed for was to compel him to restore the money wrongfully awarded to him as the result of that mistake, to those to whom it rightfully belonged.

Under such circumstances neither the parties nor the court needed the aid of the act of 1840 to enable the former to ask for and the latter to decree the correction of the error that had been made. The power to grant such relief has always been inherent in the courts and it has been frequently decided that it was not taken away by the act of 1840.

In Young's Appeal, 99 Pa. 74, Mr. Justice GREEN uses the following language:

" It cannot be doubted that the court below had ample power to correct the error of its original decree, either under or independently of the act of October 13, 1840. Nothing had been done under the decree, and if it was erroneous it ought to be corrected in the interest of justice and by the court that made it. . . . The discretionary power of the orphans' court to correct its own errors by petition of review outside the provisions of the act of 1840 has been affirmed in the cases of Gillen's Appeal, 8 W. N. C. 499 and Whelen's Appeal, 70 Pa. 410, and is manifest upon plain principles applicable to the power of all courts over their own decrees."

To the same effect and in language equally plain are the opinions in Milne's Appeal, 99 Pa. 483, and Johnson's Appeal, 114 Pa. 132.

The whole purpose of the act of 1840, as has been held in Kinter's Appeal, 62 Pa. 318, and other cases, was to give to a petitioner, who complied with its requirements the right to demand that which, before the passage of the act, he could have obtained only by a successful appeal to the discretionary

power of the court.   The appellees in the present case having successfully invoked the exercise by the court below of a power which it always possessed, as well since the act of 1840 as before, it would be illogical to hold that the jurisdiction of the court was ousted because the petition did not contain a formal averment which might have been necessary had they been demanding a right conferred on them only by the act of 1840.

But even if we regard the act of 1840 as operative on this petition we would still feel constrained to hold that the jurisdiction of the court below was properly grounded.   It is true the proviso to the act declares, " that this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any executor, etc."   Plainly enough this proviso was intended for the protection of an honest accountant who, in pursuance of a court's decree, had actually and in good faith paid out money in his hands to another person ; who had thus lost the possession and control of the fund and who could not therefore be reinstated in the position he occupied when the original decree was made.   No such case is before us.   The person who had the fund when the original decree was made is the same person who had it when the final judgment was entered.   That he was called the "administrator" at one time and the " distributee " at another is of no importance.   As the court below well says, " we cannot close our eyes to the fact that the hand to pay was the hand to receive and that the accountant, constructively at least, still has this money in his pocket."   The refinement by which the appellant would be regarded as two persons, payer and payee, accountant and distributee, and thus be enabled to call to his aid the protection which the act only intended to extend under very different conditions, is too subtle to be adopted by a court dealing with substantial equities.   Where, therefore, it appears from the record that the fund, when the petition is filed, is in the hands of the same person who held it when the decree complained of was entered, that person being the accountant, no formal averment that it has not actually been paid out is necessary to give the court jurisdiction, and Lehr's Appeal, 98 Pa. 25, and kindred cases have no application.   This conclusion is well stated in a careful opinion by Judge PENROSE in Collins's

Estate, 10 Pa. Dist. Reps. 249, in the following language: "But the distribution has not changed the actual custody of the fund sought to be sequestered, which has simply been transferred from the trust intended for the widow to the trust taking effect at her death, the trustee being the same individual in each case. This is not the sort of distribution which, under the act of 1840, prevents a review."

The Act of March 31, 1905, P. L. 91, has no application because that legislation is not retrospective and by its terms does not affect estates of intestates.

The court below, like all courts of equitable powers, had a wide discretion as to the proper disposition of the costs and we can see nothing to warrant this court in holding that the discretion was abused.

Appeal dismissed at the costs of the appellant.