# Wallace's Estate.

*Appeals—Interlocutory decree—Orphans' court—Quashing appeal.*

A decree of the orphans' court entered at the instance of legatees under the will of a wife directing that an interest which the wife had in an estate, and which had been paid over to her husband's administrator, should be paid to the wife's ancillary administrator, to be appointed, is an interlocutory decree from which no appeal lies.

Argued April 14, 1911. Appeal, No. 81, April T., 1911, by Benjamin H. Thompson, Ancillary Administrator c. t. a. of the Estate of Stephen M. S. Campbell, from decree of O. C. Allegheny Co., June T., 1909, No. 180, directing payment of money in Estate of James Wallace, deceased. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Petition for rehearing and for payment of money.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Harry J. Graham,* for appellant.

*David Stonecipher,* for appellees.

OPINION BY PORTER, J., October 9, 1911:

James Wallace, a resident of Allegheny county, Pa., died intestate, in 1881, seized of a tract of land in said county and leaving as his only heirs ten nephews and nieces. Sarah A. Campbell, one of the nieces, a resident of Sedgwick county, Kansas, died in 1885 and, it is said, bequeathed to her sisters and brothers certain legacies "to come out of the James Wallace estate" and the residue of her estate to her husband, Stephen M. S. Campbell. Stephen M. S. Campbell, the surviving husband of Sarah, became a resident of the state of Kentucky, married a second wife by whom he had two children and, in 1903, died leaving a will bequeathing his entire estate to his widow, the second wife, and his children by her. Proceedings were instituted in the court below, in 1907, by one of the heirs of James Wallace for partition of the land in Allegheny county of which he died seized, which resulted in a decree that the land be sold, and the Fidelity Title & Trust Co. was duly appointed trustee. The trustee having sold the land filed an account, which was duly confirmed, and the court below on June 30, 1909, entered a decree distributing the balance remaining in the hands of the accountant among the heirs of James Wallace. The one-tenth to which Sarah A. Campbell would have been entitled had she been living was decreed to be paid to an ancillary administrator of the estate of Stephen M. S. Campbell, deceased, thereafter to be appointed, and by said decree the distributee was required to give a refunding bond to be approved by the court. Benjamin H. Thompson was, on July 21, 1909, appointed by the court below ancillary administrator of the estate of Stephen M. S. Campbell, and the next day the refunding bond required by the decree was filed by him and approved by the court. David W. Wilson, a brother of Sarah A. Campbell, deceased, joined with others in a petition to the court, on December 15, 1909, alleging that they were entitled to legacies under the will of said Sarah A. Campbell, that said legacies had never been paid and

that they were payable out of the fund which had been distributed under the decree of June 30, 1909, and praying the court to open said decree, grant a rehearing and to decree that the money be paid to said legatees. The court upon said day issued a citation directed to Benjamin H. Thompson, ancillary administrator of the estate of Stephen N. S. Campbell, deceased, and the Fidelity Title & Trust Co., the trustee in the proceeding in partition. This appellant, the administrator of Campbell, demurred to the petition, and the demurrer having been overruled, he filed an answer denying the jurisdiction of the court to amend its decree and, admitting that he did not know whether the legacies bequeathed by the will of Sarah A. Campbell had been paid or not, asserted that a presumption of payment had arisen from lapse of time. The court, after a hearing and the production of evidence, ordered that the decree of distribution be amended "by striking out so much thereof as distributes to Benjamin H. Thompson, ancillary administrator of Stephen M. S. Campbell, deceased, the sum of two hundred and twelve dollars and seventy-four cents, and the following is substituted therefor, viz.:"  "To ancillary administrator of the estate of Sarah A. Campbell, deceased, to be appointed, said sum, viz.: Two hundred and twelve dollars and seventy-four cents. And said Benjamin H. Thompson, ancillary administrator, is directed to refund same to the above distributee." The only appellant from this order is Benjamin H. Thompson, ancillary administrator of the estate of Stephen M. S. Campbell, deceased; the Fidelity Title & Trust Co., trustee, is not complaining of the order made.

The first specification alleges error in the action of the court in overruling the demurrer of the appellant to the petitions praying for a rehearing. The petitions asserted that the will of Sarah A. Campbell, who had been the owner of one-tenth of the farm, had bequeathed to the petitioners certain legacies which ought to be paid out of the fund for distribution, and asserted unequivocally that

said legacies never had been paid. It may here be observed that all these parties were claiming under the provisions of the will of Sarah A. Campbell, who had long been dead, and Stephen M. S. Campbell, the husband who survived her, had died before this proceeding in partition was commenced. Sarah A. Campbell left no children to survive her and if there had been no will these petitioners were entitled to the entire fund which Sarah· would have received, if living. It is frequently stated in the paper-book that Sarah A. Campbell disposed of this property by will and the provisions of that will are referred to, but nowhere in the record do we find anything which seems to indicate that this will was ever probated in either Kansas or Pennsylvania. Assuming, however, that Sarah A. Campbell did make a valid will bequeathing certain legacies to her brothers and sisters, to be paid out of the Wallace estate, and bequeathing the residue of that estate to Stephen M. S. Campbell, it follows that the manner in which her share of this fund can most satisfactorily be distributed can best be determined in a direct proceeding for the administration of her own estate, of which there never has been any settlement in Pennsylvania. The original decree of the court below had been made without regard to the fact that, under the provisions of the will of Sarah A. Campbell, the interest of her surviving husband in her estate was only the residue, after the legacies to her brothers and sisters had been paid, out of the Wallace estate. The petitions and the evidence taken at the hearing revealed to the court that there was certainly a serious question whether these legacies had been paid. The appeal of the petitioners was to the discretionary power of the court, which either under or independently of the act of October 13, 1840, P. L. (1841) 1, was authorized to make such order as would protect the rights of all the parties interested and give them a full opportunity to be heard: Ehrhart's Estate, 31 Pa. Superior Ct. 120; George's Appeal, 12 Pa. 260.

The amendment of the decree did not determine who

should finally be entitled to take the fund under the provisions of the will of Sarah A. Campbell, deceased. All of the real parties to this controversy claim under that will. The effect of the amendment was, therefore, merely to postpone the distribution under the provisions of the will. The fund will go into the hands of the ancillary administrator of the will of Sarah A. Campbell, and its final distribution will be determined by the court below, under the provisions of that will. The decree, as amended, was, as to any real question in this case, only interlocutory; it prejudices the rights of no parties who claimed the fund in the court below. When the court comes to make final distribution, in the settlement of the estate of Sarah A. Campbell, all the claimants will have the right to be heard, unprejudiced and unaided by the present decree. There is the possibility, of course, that some party not yet heard from may then appear and establish a better right to this fund than any of the present claimants, but, if so, it will be because that right is given by law. We express no opinion as to the competency of some of the witnesses produced in the court below to establish the fact of the nonpayment of the legacies in question, nor as to the sufficiency of the evidence to entitle the legatees to payment out of this fund, notwithstanding the provisions of the Act of April 27, 1855, P. L. 368. The opinion filed by the learned judge of the court below reveals that his mind was, upon those questions, entirely open to any arguments that the appellant may present. The decree being, as to any real question in the case, merely interlocutory, it follows that no appeal from it can be sustained.

The appeal is quashed.