## Bain's Estate.

*Accounts—Petition for review—Effect of due advertisement—Fiduciaries Act of June 7, 1917.*

1. Under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, an account settled and confirmed in the Orphans' Court after due advertisement as required by law, will be reviewed only for an error of law apparent on the face of the record or for new matter which has arisen since the decree.

2. A creditor who has had legal, as distinguished from actual, notice has no standing, in the absence of fraud, to review an account which has been duly confirmed, and under which distribution has been made.

3. The above principles obtain, notwithstanding the fact that the accountant is one of the distributees.

Exceptions to master's report. O. C. Phila. Co., Jan. T., 1919, No. 804.

This case arose on a petition by A. Jackson Smith, a judgment creditor of decedent, filed Feb. 14, 1922, for a citation upon his widow, who had filed her account as administratrix, to show cause why the adjudication thereon, which had been confirmed absolutely June 8, 1920, should not be opened and petitioner permitted to prove his claim. The matter was referred to William Meade Fletcher, Esq., as master, who reported, in substance, that petitioner had no actual knowledge that the account had been filed until after the confirmation became absolute; that there had been legal advertisement of the grant of letters to the administratrix and of the filing of the account; and that by the account it appeared that the widow had received some $2000 on account of money loaned decedent, $500 exemption, and her distributive share under the intestate law; the total estate for distribution amounting to $5237.11. He also found that the administratrix had no knowledge whatever of the petitioner's claim until after the confirmation of the account; that there had been no fraud upon her part; and that the petitioner had been guilty of laches in not pressing his claim on the judgment earlier. The master recommended that the petition be dismissed.

*Reynolds D. Brown* and *Edgar T. Snipes*, for exceptions.

*Walter Willard*, contra.

GUMMEY, J., Nov. 24, 1922.—Treating this petition as a bill of review, we are of the opinion that a review should not be granted.

W. Gibbs Bain died March 15, 1919, intestate; letters of administration upon his estate were granted unto his widow, Sophia M. Bain, March 24, 1919, and on May 5, 1920, she filed her account, which was called for audit on June 7, 1920, confirmed *nisi* June 8, 1920, and confirmed absolutely fifteen days later.

### Bain's Estate.

A review is sought by A. Jackson Smith, who claims as use-plaintiff in a judgment recovered on Jan. 9, 1911, by the Jenkintown National Bank, in Court of Common Pleas No. 4, as of December Term, 1910, No. 799, against five defendants, one of them the maker and the others the endorsers of a promissory note for $1500—two of the endorsers being the decedent, W. Gibbs Bain, and the claimant, A. Jackson Smith. The judgment not being paid, a *sci. fa.* to revive issued on June 18, 1919, which was returned *nihil habet* as to both Bain and Smith. Subsequently, June 9, 1920, the judgment was marked to the use of Smith, whereupon an *alias sci. fa.* to revive issued, which was also returned *nihil habet* and judgment entered thereon against Bain (who was then dead) and against Smith and the two other endorsers, Fontain and Druckenmiller. Why the judgment should have been entered against Smith, who at that time appears to have been the use-plaintiff, is not explained; nor was it explained why the proceedings to revive, as would seem to be the case from the docket entries, were begun on behalf of the bank instead of the use-plaintiff, Smith, who, according to the testimony, paid to the Jenkintown National Bank, on or about June 9, 1911, the amount of the judgment, with interest, so that he appears to have been the equitable owner of the judgment since that date, June 9, 1911. Damages were assessed in the sum of $2208.35, representing the amount of the original claim, $1500, with interest, less a payment on account by Druckenmiller of $250. Whether Mr. Smith claims to recover the total amount due on the judgment or only the decedent's proportional part thereof as a co-endorser does not appear.

The present proceedings were brought under section 48 of the Fiduciaries Act of June 7, 1917, P. L. 447, superseding section 1 of the Act of Oct. 13, 1840, P. L. (1841) 1, the provisions of which, for the purposes of the present inquiry, may be considered as identical. Without setting forth section 48 of the Act of 1917 in full, it is sufficient to say that it provides for the review of an adjudication within five years after final decree, with the following proviso: "Provided, that this act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary."

It is well settled that notice by advertising as directed by law that an account has been filed and will be presented to the Orphans' Court for confirmation is notice to all parties in interest, creditors as well as beneficiaries; and that, notwithstanding the language "shall grant" in the Act of 1840 (repeated in the Act of 1917), an account settled and confirmed in the Orphans' Court will be reviewed only for an error of law apparent on the face of the record or for new matter which has arisen since the decree. See Priestley's Estate, 127 Pa. 420.

In the case before us no error of law is apparent on the face of the record, and the facts are very similar to the facts in Wilson's Estate, 24 Dist. R. 1044. In that estate letters were granted to the decedent's widow, Mary A. Wilson, who filed her account, which was duly confirmed in May, 1913, and the awards to herself as widow and to her son George were paid and satisfied of record on Nov. 3, 1913. On July 9, 1915, a creditor filed his petition for a review, and in dismissing the petition we held, in an opinion by Lamorelle, J., that a creditor having legal, as distinguished from actual, notice had no standing, in the absence of fraud, to review an account which had been duly confirmed and under which distribution had been made.

It is contended that, in the light of the opinions in Thompson's Estate, 19 Dist. R. 407, and Ehrhart's Estate, 31 Pa. Superior Ct. 120, a review must be granted because the award of at least part of the balance for distribution was in favor of the decedent's widow, who was also the accountant, and that,

2 D. & C.

therefore, as to her share of the distribution, there was no actual change in the custody of the fund. The answer is that in both of these cases the questions raised were questions of law, the question in Thompson's Estate depending upon the construction to be placed on a clause in the decedent's will, and in Ehrhart's Estate distribution was made under the laws of Pennsylvania when it should have been made under the laws of Maryland. It is true that the general language of the opinion of Ehrhart's Estate seems, at first reading, to support the petitioner's contention; but the opinion in this case, as well as the opinion in Thompson's Estate, must be read in the light of the particular facts. It may also be well to point out that Collins's Estate, 10 Dist. R. 249, referred to with approval by the Superior Court in Ehrhart's Estate, was also a case in which the question was one of law—relief being sought on behalf of minor grandchildren, devisees; and in Donohue's Estate, 22 Dist. R. 603, the auditing judge, not being informed of the existence of certain uncles and aunts, ignored them in the distribution.

Many accounts are audited every month in which the accountant is one of the decedent's next of kin, and, therefore, entitled to a distributive share of the estate. In such cases, where the accountants have complied with all legal requirements, have had their accounts confirmed absolutely, and, as in the case at bar, have applied and converted their distributive shares to their own needs and purposes, it would invite litigation and result in much injustice, if they were liable, in the absence of fraud, to have the proceedings reviewed in order to permit inactive creditors to present their claims.

This view of the matter makes it unnecessary to discuss the question of laches. It may, however, be suggested that if the petitioner had diligently prosecuted his claim from the time he purchased the judgment in 1911, he would not now be in the predicament in which he finds himself.

Accordingly, we enter the following

*Decree.*

And now, Nov. 24, 1922, the exceptions to the report of the master are dismissed, the prayer of the petition of A. Jackson Smith is refused, and his petition is dismissed.