[ PHILADELPHIA, APRIL 11TH, 1840. ]

## DAVIS *against* GERHARD.

5wh 466
201 373

IN EQUITY.

The Supreme Court has not jurisdiction of a bill of discovery in aid of a judgment obtained in the District Court for the City and County of Philadelphia.

THIS was a suit in equity instituted by Daniel S. Davis against Benjamin Gerhard, Esq., Joseph P. Norris, Esq. and Benjamin Brown.

The bill set forth that the complainant was a just and lawful creditor of a certain Charles F. Roberts in his lifetime, and, since his death, of his estate, in the amount of one thousand dollars, in two promissory notes, drawn and signed by the said Charles F. Roberts, payable to his own order, and endorsed by him; each for five hundred dollars.   That the said Charles F. Roberts died sometime in the month of October, one thousand eight hundred and thirty six, unmarried and without lawful issue, leaving a last will and testament, which has been proved in the office of the register of wills, &c., in the city of Philadelphia, and by the same will, appointed a certain John J. Smith, and a certain Benjamin Brown, his executors; that the said John J. Smith refused to act, and renounced his appointment as executor and died soon after; and that the said Benjamin Brown proved the said will and took upon himself the office of executor thereof; and that the payment of the said promissory notes being refused by the said Benjamin Brown, executor as aforesaid, the complainant proceeded at law against him in the District Court for the City and County of Philadelphia, to December Term, 1836, and issue was joined, and the complainant obtained judgment on the said two promissory notes against the said Benjamin Brown, as executor aforesaid, for the sum of one thousand and fifty-two dollars, fifty cents, in March Term following, which sums, with interest from the date of the said judgment, and the costs of suit, the complainant averred to be wholly and entirely actually

due to him, and that he had not received payment, or any kind of satisfaction, for the whole or any part thereof, from any person whatever. The complainant further averred, that the said Charles F. Roberts was, during his life, in the actual and sole possession and enjoyment of a large real estate ; and, for the purpose of hindering his creditors then existing and subsequently to exist, and of excluding all to whom he should subsequently become indebted, from satisfaction of their demands, did, by a voluntary deed dated the eighteenth day of April, A. D. 1834, purporting to be made for the nominal consideration of one dollar, convey and transfer the whole of his real estate whatsoever and wheresoever the same might be, of which he was seised, or entitled unto, in possession, reversion, or remainder, and all his estate and rights, and all the appurtenances and incidents thereof, and all the estate, right, title, &c. of him, the said Charles F. Roberts, as well at law as in equity, of, in, to, and out of the same, to a certain Joseph P. Norris, Jun., and a certain John J. Smith, their heirs and assigns, &c., in trust, for certain intents and purposes thereinafter limited, created and declared of and concerning the said real estate, viz. (among other things) to let and devise the lands, tenements and messuages thereby granted, for the best yearly rent that could be obtained therefor, and to receive the rents, issues, profits and income thereof, when and as the same should become payable, and also to receive ground-rents as the same became due, and also such ground-rents as might be created by the said trustees, by virtue of a power granted to them by the said deed, and out of the said rents, issues, and income, first to apply so much as might be necessary to pay and discharge taxes, and ground-rents growing due, and for keeping the premises in good tenantable order and repair, and for all reasonable costs and charges attending the execution of the trust; and in further trust that the said trustees should, from time to time, pay over the surplus income to him, the said Charles F. Roberts, upon his own receipt ; and in their discretion to pay and apply the same for and towards his maintenance and support, for and during all the term of his natural life, but in such way or manner that the same should not be answerable for, nor in any manner liable to the debts and engagements of the said Charles F. Roberts, contracted after the execution of the said deed, nor be liable to any charges, incumbrances, assignment or anticipation of him the said Charles F. Roberts; and that from and immediately after the decease of the said Charles F. Roberts, the trustees should hold all the trust estate in trust to and for the only use and behoof of certain natural children of the said Charles F. Roberts; with certain other provisions, and a power to the said Charles F. Roberts to dispose of the estate by will, and to the trustees to sell and invest the proceeds on the same trusts.

The complainant then averred that the said John J. Smith, one of the trustees named in the deed, having taken upon himself the

execution of the trust, died some time in the winter of 1836–7; and the said Joseph P. Norris, jr., who had also taken upon himself the execution of the trust, survived him and acted as trustee, and in execution of the trusts of the deed, until some time in the month of April, May or June, A. D, 1837, when a certain Benjamin Gerhard became trustee in the place of the said Joseph P. Norris, jr.; and as such trustee became seised of all the real estate of the said Charles 'F. Roberts, which passed under the deed, subject to the trusts thereof.

The complainant averred that there was reason to believe that the said Charles F. Roberts left sufficient real and personal estate wherewith the judgment which he had obtained against his estate might be satisfied: that the real estate had been conveyed and transferred without consideration as before stated; and that the personal estate had been removed and transferred without consideration, or concealed; and that by reason of such concealment, and of such fraudulent transfer, the complainant was prevented from having execution of his judgment.

The complainant then averred that in order to realise and obtain the amount of his judgment, he did, in June term, 1837, take out a writ of *fieri facias* on the same, returnable to the first Monday of July, 1837; and that the same had been returned " *nulla bona.*" That the deed of trust contained no specifications, nor any designation, general or particular, of any property, or pieces of property, nor any of the lands, tenements or hereditaments owned by the said Charles F. Roberts, which passed under the same; and was not accompanied by, nor had the complainant ever been able to see or hear of any schedule or list or description of such or of any property; nor had he any means, except with the aid of this Court, of discovering any real property; neither did he know nor can he discover any personal property of the said Charles F. Roberts, so as to levy thereon and expose the same to sale in satisfaction of his debt.

The bill then proceeded to aver that the real estate so conveyed and assigned in trust were justly and equitably liable to the payment of his judgment; and that the said deed was utterly void as against him as a judgment creditor; and that all the personal estate of the said Charles F. Roberts in the possession or knowledge of the said Benjamin Brown, was liable to the payment of the said debt.

The complainant further averred that the said Charles F. Roberts did, by his last will and testament, order and direct the payment of all his just debts and funeral expenses; whereby he became entitled to have this debt paid by the said Benjamin Brown, executor, or the said Joseph P. Norris, jr., or the said Benjamin Gerhard, each being for the time trustee; that the said Benjamin Gerhard, Benjamin Brown and Joseph P. Norris, jr., or some of them, have possession and knowledge of all the real and personal property of the said Charles F. Roberts, in which he had any interest immediately

(Davis v. Gerhard.)

preceding and at the time of his death, and also of all the real property in which the said Charles F. Roberts had any interest, or to which he was entitled at the time of the execution of the deed of April 18, 1834, or since, or if not now in the possession, management and knowledge of the same identical pieces of property, then of the value or consideration of such pieces as are not now in his or their possession or control; and that the said Benjamin Brown, Benjamin Gerhard or Joseph P. Norris, jr., or some one of them can make discovery of such facts concerning the existence, nature, amount and locality of the said Charles F. Roberts's estate as will enable the complainant to have satisfaction of his judgment.

The complainant then averred that he had repeatedly applied to the said Benjamin Brown, executor, and to the said Joseph P. Norris, jr., and to the said Benjamin Gerhard to pay the said judgment debt, or to make known to him the description and the locality of the real estate of the said Charles F. Roberts, and the description and kind of personal estate of the said Charles F. Roberts, in order that he might be able to cause execution to be levied of the same, and his judgment to be satisfied thereof; but that the said Benjamin Gerhard, Joseph P. Norris, jr. and Benjamin Brown, had refused to pay the said debt or to furnish the information asked for.

The bill then prayed in the usual manner a discovery of all the real and personal estate of the said Charles F. Roberts, and of the acts and doings of the executors and trustees in the premises.

The defendant, Benjamin Gerhard, Esq., filed a separate demurrer and answer; alleging in his demurrer that it appeared by the complainant's own showing, that the property which passed under the deed of the 18th of April, 1834, was not subject to any execution that might be issued on his judgment; and also for further cause of demurrer, that neither the heirs of C. F. Roberts nor his devisees, were made parties to the judgment obtained against his executors.

The answer denied knowledge of the promissory notes mentioned in the bill; admitted the death of C. F. Roberts leaving a will and personal property; and denied knowledge of any real estate acquired by C. F. Roberts after the deed of 1834, or of any fraudulent transfer or concealment of any of his property.

The defendant set forth copies of the deed of 1834, and of a deed executed by J. P. Norris, Esq. on the 5th of May, 1837, by which the trust estate was conveyed to him.

The demurrer came on now for argument, when the Court suggested doubts with respect to their jurisdiction; and this point was spoken to by

Mr. *Hare*, (with whom was Mr. *H. J. Williams*,) for the complainant; and

(Davis *v.* Gerhard.)

Mr. *F. W. Hubbell*, (with whom was Mr. *Rawle*,) for the defendant.

The opinion of the Court was delivered by

Huston, J.—By several acts of assembly enacted in 1836, certain chancery powers are vested in the Supreme Court, and other common law Courts of this state.  No one of those laws however, nor all of them, gave to this or any other of those Courts the general powers of a Court of Chancery.  The subjects of the chancery jurisdiction are particularly pointed out, as well as the Courts by which each portion of that power is to be exercised.  I shall confine my observations to the particular question before us, which relates to the power of this Court on a bill to compel an executor to discover property on which to levy an execution obtained in a suit against that executor as representing the estate of Charles F. Roberts; and also calling upon B. Gerhard, a trustee under a deed made by Charles F. Roberts in his lifetime, to disclose what property he holds under that deed; which deed purports to be a conveyance of all the grantor's real estate, but does not designate any particular property.

To this bill the defendant demurred as to part of it and put in an answer to other parts.  This Court did not hear any argument either on the demurrer or answer; an exception being made as to the jurisdiction of this Court in this case.

To this it was at first answered, that neither party objected to the jurisdiction.  The constitution of this state after specifying certain chancery powers says, " and the legislature shall vest in said Courts such other powers as shall be found necessary; and may from time to time enlarge or diminish those powers, or vest them in such other Courts as they shall judge proper for the due administration of justice."  This would seem to limit the powers of this and the other Courts in matters of chancery jurisdiction, to the cases which have been or may be specified by the legislature.  So this has been understood; and we do not believe that the consent of parties or counsel can justify us in going out of the legislative provision.  On any other construction of the constitution we might by consent assume the whole power of a Court of Chancery.

The powers given in this particular to the Supreme Court, and the Courts of Common Pleas, are enumerated in the 13th section of an act passed the 16th of June, 1836.  Of these this power is not one.  Then comes a specification of the powers which may be exercised by the Supreme Court in bank in the city of Philadelphia, and by the Common Pleas of the city and county.  Of these the third is " the discovery of facts material to a just determination of issues, and other questions arising or depending in the said Courts;" and the sixth is, " that in the discovery of facts material to the just

(Davis *v.* Gerhard.)

determination of issues and other questions, the District Court for the City and County of Philadelphia, shall have the same power and authority within its jurisdiction as is hereby conferred on the Common Pleas for the said county," &c. &c.

The above provisions seem to apply to issues or questions depending and undetermined in the said Courts: but if by a little stretch they could be extended to the discovery asked in this case, there is another act passed on the same day, which is as follows. Section 9. "It shall be lawful for the plaintiff in any judgment for the recovery of money obtained in any Court of this commonwealth to have a bill for the discovery of the real and personal estate of the defendant in such judgment."  "§ 10. Such bill may be filed against the defendant in such judgment and against any person having possession of such real or personal estate, or who may owe or be accountable for the same, or may have knowledge of the same; and shall be filed in the Court of Common Pleas of the county in which such judgment may be; or if the person of whom the discovery may be sought, shall reside out of such county, such bill may be filed in the Court of Common Pleas of the county where such person shall reside." In the 11th section, the act specifies what shall be set forth in such bill. Of this we need only say that it is not material here.

Although the acts above cited are found under different titles, yet as they both relate to the administration of justice, though in different stages of the proceeding, they are both to be taken into view in giving the true construction of one of them. They relate to the same matter, viz. discovery; but the one to discovery of facts material to the decision of issues, or questions depending in the Courts, and would seem confined to what occurred before judgment. It is not necessary to inquire what might have been the extent of the jurisdiction given to this Court by the act first cited, if it stood alone: because the provision of the act relating to executions is specific and precise. ": The bill shall be filed in the Court of Common Pleas of the county in which such judgment may be: or where the defendant in the bill, or person of whom such discovery may be sought, shall reside out of such county, it may be filed in the Common Pleas of the county where such person resides."

It would not be difficult to give many reasons why this last cited act confines this proceeding to the county Courts of Common Pleas. This Court sits but once a year in a great portion of the state; and it might happen that a long period of time would elapse before the discovery could be obtained. The expense of bringing parties from distant counties to the Supreme Court would be considerable; and many other reasons might be added: but where the provisions of a law are plain and positive, Courts have only to carry them into effect. The bill is dismissed because this Court has not jurisdiction.

Bill dismissed.