# Adrian, Appellant, *v.* Fink.

*Trusts and trustees—Equity—Accounting—Finding of fact—Responsive answer—Evidence.*

1. On a bill in equity to declare a trust and for an accounting where the court below finds on sufficient evidence that no trust in fact existed, a decree dismissing the bill will not be reversed in the absence of manifest error. The Act of June 7, 1907, P. L. 440, has no application to such a case.

2. A responsive answer to a bill in equity must be overcome by the testimony of two credible witnesses, or one witness and such corroborating facts and circumstances as to amount to another witness.

Argued Oct. 26, 1909. Appeal, No. 16, Oct. T., 1909, by plaintiffs, from decree of C. P. No. 4, Allegheny Co., Second Term, 1908, No. 722, dismissing bill in equity in case of John Adrian and Christian Adrian, his wife, v. John Fink. Before FELL, BROWN, MESTREZAT, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to declare a trust, and for an accounting. Before SWEARINGEN, P. J.

The opinion of the Supreme Court states the case.

The third conclusion of law was as follows:

"The defendant did receive some rents of the plaintiffs and part of the purchase money from the sale of the plaintiff's store, in the manner and for the purpose set forth in findings of fact 8. It, therefore, became his duty to distribute these moneys in accordance with the purpose for which he received them. He appears to have done this, as the evidence indicates that these matters were all settled from time to time, as they occurred. But, if there be any amount due the plaintiffs on account of these transactions they have an adequate remedy at law to recover the same."

*Error assigned* was decree dismissing the bill.

*L. C. Barton,* for appellants.

*Peter M. Lippert,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

This bill was filed for the purpose of having appellee declared a trustee of appellants, and for an accounting. The answer denied all the material averments of the bill including the alleged trusteeship of appellee. The learned court below sitting as a chancellor has found that appellee was not and is not a trustee for appellants or for either of them; and that he was not and is not their agent to attend to their financial matters, collect their rents, make payment of insurance, interest and dues on certain mortgages and to otherwise attend to their business affairs. If these findings be correct there is no jurisdiction in equity to decree an accounting. They come before this court with the force and effect of a verdict of a jury and will not be disturbed except for manifest error. We are not convinced that there is any error manifest or otherwise in the conclusions reached by the learned court below. The answer filed was responsive and unless overcome by the testimony of two credible witnesses, or of one witness and such corroborating facts and circumstances as to amount to another witness, a decree should not be entered. To say the least it is very doubtful whether this burden was met, and the court might have been warranted in dismissing the bill on technical grounds. This was not done, and the case was heard on its merits with the result that the bill was dismissed. The case was very intelligently considered and the facts carefully stated by the learned court below, and we find nothing in the opinion about which appellants should justly complain. It is contended that the facts upon which the third conclusion of law is based showed or tended to show the right to equitable relief and that the same were substantially proved at the trial, by reason of which it became the duty of the court under the Act of June 7, 1907, P. L. 440, to proceed to a final determination of the case with the same effect as if upon a hearing before the court without a jury upon agreement filed. It is true this act provides that when a bill in equity has been filed, if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer, or answer so stating, or by praying

the court to award an' issue to try the questions of fact; otherwise the right of trial by jury shall be deemed to have been waived by both parties. The proviso to the first section of this act, however, expressly provides that the chancellor shall dismiss the bill if the facts averred therein showing or tending to show the right to relief be not substantially proved at the trial. The right to equitable relief in the present proceeding depended upon the fact whether appellee was a trustee, which fact appellants not only did not substantially prove but failed to prove at all as the court has found. For this reason the act of 1907 has no application to the facts of this case.

Assignments of error overruled and decree affirmed at the cost of appellant.