## Hill, Appellant, v. Hittel.

*Equity — Injunction — Mandatory injunction — Obstruction of
right of way.*

A court of equity will not award a mandatory injunction to com-
pel the removal of a platform scale from land which the defendant
owned in fee, on the ground that it obstructed an easement of way
which an adjoining owner had in the land to enable him to reach a
public highway, where the court below finds as a fact, that the inter-
ference was so slight as to be unappreciable, and that the defend-
ant was willing to have a decree entered under which he would
complete the improvement in such a way as not only to remove the
slight inconvenience caused by the scale, but also to make the con-
dition of the way better and more satisfactory than it had pre-
viously been.

Argued Dec. 8, 1915.  Appeal, No. 179, Oct. T., 1915,
by plaintiffs, from decree of C. P. Montgomery Co., Oct.
T., 1914, No. 5, on bill in equity in case of Eliza Hill,
et al., v. Henry S. Hittel.  Before RICE, P. J., ORLADY,
HEAD, HENDERSON, KEPHART and TREXLER, JJ.  Af-
firmed.

Bill in-equity for an injunction.  Before MILLER, P. J.

From the record it appeared that the defendant had
for purposes of his business constructed a platform scale
on land which he owned in fee.  The plaintiffs claimed
that the scales obstructed an easement of way which they

318        HILL, Appellant, *v.* HITTEL.

had over the defendant's land.    MILLER, J., found in part as follows:

Immediately after the final hearing, and in order that the testimony might be better understood, we viewed the location in question and afterwards, in our endeavor to make a proper disposition of the case, we kept constantly in mind the relief sought by the plaintiffs as set forth in the prayers of their bill.

The entire controversy arose out of the construction of the scales in the way by the defendant, and certain changes made by him in said way and his disposition of the surface water flowing upon it in connection therewith.    There was nothing else involved in the case.

The defendant's premises are used exclusively for business purposes and were he required to remove his scales and restore the way to its original condition, it would result in his serious present loss and future inconvenience.

The plaintiffs' premises are all small dwelling houses and, although located in a country village, none has even a stable appurtenant to it.

We are convinced that only a slight expenditure of money will be required to accommodate those owned by the plaintiff, McMullin, which are the ones really affected, to the changed conditions.

The conclusions of law were among others as follows:

3. That defendant's filling in and grading said way and building therein a platform, team-weighing scales in front of the premises of the plaintiff, William McMullin, in the manner set forth in our findings of fact, have caused the latter slight, but unappreciable, inconvenience of access from his premises to said way, which can be overcome at little cost by swinging his front gate inwardly and either building one or two wooden steps leading from his front path up to the way, or filling an incline into that path with ordinary earth, of which it now consists.    Should the plaintiff, McMullin, object to the defendant entering upon his premises for these purposes

the defendant shall be relieved from any obligation in this connection.

4. That the scales in question are not an obstruction of, nor an unreasonable interference with, plaintiffs' use of said way, if the upper level surface or top thereof is, by planking, or otherwise, extended from the wall of the mill to the property line opposite the latter, and the ditch or gutter along McMullin's fence is safely covered over so that the upper surface of the covering is approximately of the same height and grade as the way along the same.

5. That the changes enumerated in our third and fourth conclusions shall be made by the defendant, at his own cost, within thirty days after the entry of the final decree and the case is to stand for further directions in respect to the execution of such decree or such further order as may be necessary.

6. That, upon compliance by the defendant with the fifth conclusion of law, the bill should be dismissed at the cost of the defendant.

A decree was entered in accordance with the opinion.

*Error assigned* was the decree of the court.

*Henry Freedley,* with him *Charles D. McAvoy,* for appellants.—The owner had no right to change the grade: Vinton v. Greene, 158 Mass. 426; Killion y. Kelly, 120 Mass. 47.

*Montgomery Evans,* with him *Muscoe M. Gibson,* for appellee.—The owner of the soil has the right to the use of it for any purposes so long as the use of the way is not unreasonably interfered with: Com. v. Burford, 225 Pa. 93; Mercantile Library Co. of Philadelphia v. Fidelity Trust Co., 235 Pa. 5; Smith v. Rowland, 243 Pa. 306; Moffit v. Lytle, 165 Pa. 173; Patterson v. Philadelphia & Reading R. R. Co., 8 Pa. C. C. R. 186; Stevenson v. Stuart, 7 Philadelphia 293.

OPINION BY HEAD, J., October 9, 1916:

In their bill filed the plaintiffs prayed for a mandatory injunction requiring the defendant to remove a certain platform scale which he was constructing on land, the ownership in fee of which was unquestionably in him. The learned chancellor found on the evidence that the interest of the plaintiffs in the land was but an easement of way to enable them reach a public highway upon which their respective properties did not abut.

The weigh scale complained of was of great importance to the defendant in the conduct of the business which for many years had been carried on at that place either by him or his predecessors in title. Incidental to the construction of the platform there was some slight change of grade in the surface of the ground over which the plaintiffs had their easement and some corresponding modification of the surface water flow thereon. The learned chancellor, in a full review of all of the testimony, concluded that, as to some of the plaintiffs no injury at all had been shown, and as to one the injury, although nominal, was so slight as to be unappreciable. The defendant, in his answer, expressed his willingness to complete the improvement in such a way as not only to remove these slight inconveniences but to make the condition of the entire way much better and more satisfactory than it had previously been. This offer of the defendant was accepted and incorporated into the decree which was entered. As we read the testimony, there is no room to doubt the controlling finding of fact to which we have averted is amply supported by evidence. Under such circumstances we can only say in the language of the Supreme Court in Mercantile Library of Philadelphia v. Fidelity Trust Company, 235 Pa. 5: "The learned court below has found as a fact that there was no substantial interference with the use of the passageway and we must accept this finding as binding upon us."

The nature of a mandatory injunction and the unusual conditions which bring about the entry of such a decree

have been stated both in the Supreme Court and this court: Wakeling v. Cocker, 208 Pa. 651; Mackintyre v. Jones, 9 Pa. Superior Ct. 543; Asbury v. Carroll, 54 Pa. Superior Ct. 97.

Keeping in mind the principle enunciated in these cases, we readily reach the conclusion the record before us presents no substantial ground upon which a mandatory injunction could properly rest. We are of opinion the decree entered by the learned chancellor was right and should not be interfered with.

Decree affirmed.