# Vandivort, Appellant, *v.* Hunter et ux.

*Equity—Jurisdiction—Remedy at law—Private nuisance—Contamination of spring—Denial of facts alleged—Delay—Retention of bill—Suit at law—Practice, Supreme Court and Equity.*

1. Equity has no concurrent jurisdiction with courts of law in the matter of restraining private nuisances.   The damage which is imminent and irreparable or is not capable of adequate compensation in money, may be enjoined without waiting for the process of law, but the right must be clear and the facts upon which it rests uncontested.

2. A court of equity should not entertain a bill to restrain the contamination of a spring alleged to have been caused by a cesspool on defendant's premises, where the facts alleged in the bill are fully and expressly denied by defendant's answer, and where it also appears that the injury complained of was of several years' standing.

3. If the court entertains the bill, and after full hearing dismisses it, because of doubt and perplexity as to whether the cesspool had any connection with the spring, the Supreme Court, on appeal, will modify the decree, so as to direct a retention of the

bill, that plaintiff may have an opportunity, within three months, to bring an action at law if he so elects, otherwise the decree to become absolute.

Argued October 8, 1919. Appeal, No. 112, Oct. T., 1919, by plaintiff, from decree of C. P. Butler Co., Sept. T., 1916, No. 3, dismissing bill in equity in case of Milton Vandivort v. John C. Hunter and Jessie M. Hunter, his wife. Before Stewart, Moschzisker, Frazer, Walling and Simpson, JJ. Decree modified.

Bill in equity for an injunction. Before Reiber, P. J. The court dismissed the bill. Plaintiff appealed.

*Error assigned* was decree dismissing the bill.

*S. F. Bowser,* with him *J. W. Hutchison,* for appellant.—The court had jurisdiction: Haugh's App., 102 Pa. 42; Shuter v. City of Phila., 3 Phila. R. 228; Jacobs v. Worrell, 15 Leg. Int. 139.

*John R. Henninger,* for appellee.—It is not the function of the chancellor to usurp the functions of a jury in determining private nuisance, but it has been universally held by the appellate courts of this State, that where the fact depends upon conflicting testimony, it must be established by an action at law, before a court of equity has jurisdiction to intervene: Mirkil v. Morgan, 134 Pa. 114; Mowday v. Moore, 133 Pa. 598; New Castle v. Raney, 130 Pa. 546; Godino v. Kane, 26 Pa. Superior Ct. 596; Gorman v. McDermott, 42 Pa. Superior Ct. 516; Wood v. McGrath, 150 Pa. 451; Manbeck v. Jones, 190 Pa. 171; Piro v. Shipley, 211 Pa. 36.

Opinion by Mr. Justice Stewart, January 5, 1920:

It would seem that the cases of New Castle v. Raney, 130 Pa. 546; Mirkil v. Morgan, 134 Id. 144; Mowday v. Moore, 133 Pa. 598; Piro v. Shipley, 211 Pa. 36, all

decided within recent years, ought to be sufficient to satisfy the professional mind that any attempt to bring this court into sympathy with and acceptance of what is called the modern doctrine, which teaches in the matter of restraining private nuisances equity has concurrent jurisdiction with the courts of law, would be unprofitable expenditure of time and effort: In Mowday v. Moore, supra, Mr. Justice SHARSWOOD, speaking for the court, says: "But the modern and growing tendency alluded to by Mr. Bispham in the passage above quoted to bring such cases into equity in the first place, seems to require a restatement of the true limits of the jurisdiction. That damage which is imminent and irreparable, or is not capable of adequate compensation in money, may be enjoined without waiting for the process of law, is not intended to be questioned, but the right must be clear, and the facts upon which it rests uncontested. Failing this, all that the swift hand of the chancellor will do is to stay the impending mischief until the facts are established by the ancient and appropriate tribunal." The other cases above cited are to the same effect, and no less pronounced in opposition to any departure from the settled rule. The present case is another of the many repeated attempts that have been made to escape the limitations this court has invariably applied to equity jurisdiction when relief by injunction has been asked with respect to private nuisances. The complaint as expressed in the bill is that the plaintiff's spring of water, which, prior to the interference complained of against the defendants, was pure and wholesome, used for domestic and other general purposes, had, by reason of the defendant's negligence in the construction and maintenance of a cesspool on the latter's premises into which he caused to be discharged all the sewage from his dwelling, including that from the bathroom, toilet and kitchen, become contaminated and rendered wholly unfit for use, and that he had been compelled, by reason of such contamination, to wholly abandon its use, to his

great loss and injury. The defendant's answer, while not denying the injury of which the plaintiff complained, does in most express terms deny that the pollution of the spring to any degree is traceable to the defendant's cesspool as its source. Upon this one question of fact—was the defendants' cesspool the source of the spring's pollution?—issue was joined and a trial was proceeded with before the judge as chancellor with the same formalities as would have been observed in a common law proceeding before a jury. It needs but a cursory examination of the testimony to show that the trial was conducted on both sides with spirit and energy; the facts and circumstances upon which plaintiff relied to support his contention being developed at length, as also the facts and circumstances, quite as numerous, upon which defendants rely for their defense. We will not attempt any discussion of the evidence; it is enough to know that it left the mind of the court in such doubt and perplexity as to whether the cesspool had any connection whatever with the spring that he felt he could do nothing but refuse the injunction prayed for and dismiss the bill.

What we have called attention to is more than sufficient to show that the case was brought in the wrong forum; the right asserted may have been clear, but the facts on which the right to charge the defendant with liability rested, were denied and contested. In addition, it abundantly appears that the injury complained against was a matter of several years' standing when the proceeding was begun, a fact wholly inconsistent with imminency of threatened danger that was not capable of adequate compensation in money. The case presented no such facts as called for the intervention of "the swift hand of the chancellor," nor such as avoided the limitations restricting equity jurisdiction in cases of this kind where the right has first been established at law or is conceded. New Castle v. Raney, supra. Had the selection of the equity forum been objected to by de-

murrer or otherwise, the objection must have been sustained; but the selection having been acquiesced in by the defendants and the case having been proceeded with by consent of the parties, we see no good reason why it should not now be carried to its ultimate conclusion notwithstanding, especially in view of the disposition of it we purpose making.

Inasmuch as the evidence on one side and the other with respect to the one question of fact on which the complainant's rights depend, was convincing to the chancellor's mind that it was a fairly disputable question, we think that equitable considerations require a modification of the court's decree to the following extent: The decree is modified in that we direct a retention of the bill, thereby giving the plaintiff an opportunity to bring his action at law should he so elect, the costs to abide such action if brought. In case of failure to bring such action within three months from this date the decree to become absolute. As so modified the decree is affirmed.