## Schuylkill Mining Company *v.* Indian Head Coal Company et al., Appellants.

Argued April 10, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles E. Kenworthey,* with him *Saverio Rosato, Ralph M. Bashore* and *Schnader, Kenworthey, Segal & Lewis,* for appellant.

*James J. Gallagher,* with him *Roy P. Hicks,* for appellee.

Opinion by Mr. Justice Patterson, June 29, 1945:

This is a proceeding in equity by the Schuylkill Mining Company, appellee, for an injunction to restrain the Indian Head Coal Company, appellant, from entering, trespassing, mining, and removing coal from appellee's land. A preliminary injunction was granted and after hearing was continued. This appeal challenges the jurisdiction of the court below to continue the preliminary injunction pending final determination of the controversy.

The bill averred that appellee was owner of the land in question and set forth the respective deeds of conveyance whereby ownership was obtained. On November 4, 1943, appellant entered upon the premises and began building roads, digging and removing coal therefrom, and continued stripping operation to the time of the injunction. On August 4, 1944, appellee set up posters stating that the lands were private property and warning all persons from trespassing thereon.[1] Notwithstanding, appellant continued strip mining operations upon said land until August 8, when appellee filed this bill in equity.

A hearing to continue this preliminary injunction was had on August 14, 1944, at the end of which counsel for defendant moved for dissolution of the injunction for the reason that equity was without jurisdiction. The court, nevertheless, continued the injunction until final hearing. Upon appeal from a decree refusing, granting, or continuing a preliminary injunction, the court does not consider the merits of the case but examines the record to determine whether reasonable ground existed therefor. This record, however, presents unusual features. On defendant's application, we granted a supersedeas on October 6, 1944. As the mining has continued, the substantial question now is, Who is entitled to the proceeds received for the coal mined and what shall be

---

[1] Act of 1939, P. L. 872, Section 954, 18 P. S. 4954, as amended by the Act of 1943, P. L. 306.

done about the future? As the learned court below dismissed defendant's motion to dissolve the injunction on the ground that equity was without jurisdiction and did not treat that motion as a motion to certify the question of title to the law side of the court, we must now decide whether, in the circumstances, the case should be certified to the law side in accordance with the contention presented on the appeal to this court. The rule is that parties, should be left or placed in "the last actual, peaceable, noncontested status which preceded the pending controversy": *Fredericks v. Huber,* 180 Pa. 572, 575; *Commonwealth v. Cohen,* 150 Pa. Superior Ct. 487, 489. The record shows that defendant began mining November 4, 1943, and it was not until nine months afterward that plaintiff complained. The Act of 1907, P. L. 440,[2] provides that a defendant challenging the jurisdiction in equity must do so by demurrer or answer. Equity Rule 33 gives a defendant thirty days within which to file an answer. Equity Rule 48 [3] makes

---

[2] "When a bill in equity has been filed in any court of this commonwealth, if the defendant desires to question the jurisdiction of the court, upon the ground that the suit should have been brought at law, he must do so by demurrer or answer, explicitly so stating, or praying the court to award an issue or issues to try questions of fact; otherwise, the right of trial by jury shall be deemed to have been waived by both parties, and the cause shall proceed to a final determination by said court and upon appeal, with the same effect as if upon a hearing before the court, without a jury, upon agreement filed": Act of 1907, P. L. 440, Section 1, 12 P. S., Section 1227.

[3] "On or before the date fixed for filing an answer on the merits, and thereafter by leave of the court upon cause shown, the defendant may, by answer filed, accompanied by an affidavit that it is not interposed for the purpose of delay, preliminarily object to the bill for one or more of the following reasons: . . . (6) that upon the facts averred plaintiff has a full, complete and adequate remedy at law; (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it": Equity Rule 48.

similar provision regarding the time for filing preliminary objections to the bill. The time thus provided with which to file the answer or demurrer could not be diminished by appearance at the hearing to continue the preliminary injunction. Appellant could not be required to file an answer or demurrer challenging the jurisdiction within five days after the filing of the bill, nor can it be penalized for not so doing.

The order appealed from is reversed; the case is now certified to the law side for early trial in the court below; defendants to enter a bond with surety approved by the court below in the sum of $15,000 conditioned for accounting if the trial shows an accounting to be necessary, for the proceeds of coal mined hereafter until the final determination of the case; costs to abide the event.