532 A.2d 429

Claude E. FAWBER et al., Appellees,

v.

Walter W. COHEN, Individually and as Secretary, Department of Public Welfare of Pennsylvania et al., Appellants.

Supreme Court of Pennsylvania.

Argued May 15, 1987.

Decided Oct. 15, 1987.

Ellis M. Suall, Philadelphia, Andrew S. Gordon, Harrisburg, Allen C. Warshaw, Philadelphia, for appellants.

Carolyn L. Carter, Samuel W. Milkes, Carlisle, Donald Marritz, Gettysburg, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, MCDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

### OPINION OF THE COURT

HUTCHINSON, Justice.

█ We allowed interlocutory appeal limited to the question Commonwealth Court certified after it transferred the case to Cumberland County Court of Common Pleas, 91 Pa.Commonwealth Ct. 559, 497 A.2d 697. The question certified is whether our holding in *Balshy v. Rank*, 507 Pa. 384, 490 A.2d 415 (1985), placing original jurisdiction in

Common Pleas over actions against state officials for viola-
tion of the federal civil rights statutes, specifically 42 U.S.C.
Section 1983, applies not only to actions for money dam-
ages, as in *Balshy*, but also to suits for equitable or
declaratory relief. Accordingly, we address only that certi-
fied question and must, at this stage of the matter, assume
the need for equitable or declaratory relief by the judiciary.
So limited, we hold that *Balshy* does not apply to such
cases. Commonwealth Court's order of transfer is, there-
fore, reversed and the record remanded to it for further
proceedings.[1]

Again, we assume, as we must in this case's present
posture, the applicability of Section 761(a)(1) of our Judicial
Code. 42 Pa.C.S. § 761(a)(1). That section gives Common-
wealth Court original jurisdiction in all actions against
"officers" of the state. Since one of the defendants in this
case, the Secretary of the Department of Public Welfare
(hereinafter "Welfare Department"), is plainly a state offi-
cer, Commonwealth Court has jurisdiction under Judicial
Code § 761(a)(1) unless one of the section's exceptions to
that jurisdiction apply.[2]

In *Balshy v. Rank, supra,* we held that a Section 1983
action seeking *money damages* was in the "nature of a

1. The record, as it develops, may or may not support our necessary
   assumption at this stage that all legal remedies, both administrative
   and judicial, are inadequate—issues which often become inextricable
   from the issues of jurisdiction and remedy in this type of case.

2. Section 761(a)(1) provides:
   General Rule—The Commonwealth Court shall have original juris-
   diction of all civil actions or proceedings:
   (1) Against the Commonwealth government, including any officer
   thereof, acting in his official capacity, except:
       (i) actions or proceedings in the nature of applications for a writ
   of habeas corpus or post-conviction relief not ancillary to proceed-
   ings within the appellate jurisdiction of the court;
       (ii) eminent domain proceedings;
       (iii) actions or proceedings conducted pursuant to Chapter 85
   (relating to matters affecting government units);
       (iv) actions or proceedings conducted pursuant to the act of May
   20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act;
   and
       (v) actions or proceedings in the nature of trespass as to which
   the Commonwealth government formerly enjoyed sovereign or oth-

trespass" under Section 761(a)(1)(v). An action seeking *injunctive and declaratory relief* is not in the nature of a trespass. Furthermore, Section 761(a)(1)(v) requires that the action be one for which the Commonwealth formerly enjoyed immunity. This action, which seeks to *restrain* a state official from implementing regulations, or in the alternative to declare them invalid, is not the type of case in which the Commonwealth formerly enjoyed immunity. Therefore, the Section 761(a)(1)(v) exception to Commonwealth Court's original jurisdiction is not applicable.

This class action was brought by the named appellees on behalf of all Cumberland County residents who have been or hereafter are required to participate in the Community Work Experience Program (sometimes known by its acronym CWEP; hereinafter "work program"), operated by the Welfare Department. The work program is a component of the *Aid to Families with Dependent Children Program.* 42 U.S.C. § 601. It has been implemented in Pennsylvania pursuant to a recent amendment to Article IV, Section 405.2 of the Public Welfare Code, Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. § 405.2 (Supp.1987). Under the work program, certain recipients of cash assistance benefits can be required to work at "community work projects" established with the approval of the Welfare Department as a condition of continued benefits. Public Welfare Code, *supra,* 62 P.S. §§ 405.2(b) and 405.2(c) (Supp.1987).

Appellees do not generally challenge the legality of this program, but have focused their attack on the validity of four specific Welfare Department regulations promulgated under Section 403(b) of the Public Welfare Code, *supra,* 62 P.S. § 403(b) (Supp.1987). Three of appellees' four claims are based at least in part on what is commonly known as a "Section 1983" cause of action. 42 U.S.C. § 1983.[3] A fourth claim is based solely on state law.

er immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass. 42 Pa.C.S. § 761(a)(1).

3. Section 1983 states in pertinent part:

Appellees attempted to have both a county-wide and a state-wide class certified. Commonwealth Court, however, certified only the county-wide class. The parties then filed cross motions for summary judgment. Before oral argument, Commonwealth Court notified them that they should be prepared to address the nature of its jurisdiction in light of *Balshy v. Rank, supra.* After oral argument, Commonwealth Court *en banc* held that because this action was based on 42 U.S.C. § 1983, original jurisdiction belonged in Common Pleas under the Judicial Code. 42 Pa.C.S. § 761(a)(1)(v). Accordingly, Commonwealth Court transferred the case to the Court of Common Pleas of Cumberland County, and vacated its order certifying the county-wide class. On appellants' motion, this interlocutory transfer order was modified pursuant to 42 Pa.C.S. § 702(b) to allow appellants to seek immediate appellate review before this Court. Both appellants and appellees contend that jurisdiction belongs in Commonwealth Court. We granted the petition for permission to appeal on October 9, 1986.

In a case such as this, in which employees of the Commonwealth are sued, an initial issue is whether they are "officers" of the Commonwealth. The Legislature has not defined the term "officer." Judicial interpretation has limited the term to "those persons who perform state-wide policymaking functions and who are charged with responsibility for independent initiation of administrative policy regarding some sovereign function of state government." *Balshy*, 507 Pa. at 390, 490 A.2d at 417 (quoting *Opie v. Glascow, Inc.*, 30 Pa. Commonwealth Ct. 555, 559, 375 A.2d 396, 398 (1977)). In *Wallace v. Department of Public Welfare*, 32 Pa.Commonwealth Ct. 615, 380 A.2d 930 (1977), Commonwealth Court observed:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured *in an action at law, suit in equity, or other proper proceeding* for redress.
> 42 U.S.C. § 1983 (1982).

[The] Secretary of Public Welfare, and the Commissioner of Mental Health are officers of the Commonwealth charged with administration of policy on a state-wide basis. We therefore have jurisdiction of the suits against these defendants....

Although the Superintendent and trustees of [the] State Hospital may well be held to be high public officials ... we lack jurisdiction to decide this question because they do not have state-wide policymaking authority and are not therefore 'officers' within the meaning of Section [761(a)(1)].

*Id.* at 618, 380 A.2d at 931. *See also Rhines v. Herzel*, 481 Pa. 165, 392 A.2d 298 (1978) (superintendent of state hospital not considered officer of state).

Under these precedents, the Secretary of the Welfare Department's presence as a party is necessary to Commonwealth Court jurisdiction, but not necessary and sufficient if *Balshy* applies.[4]

■ Appellees' action can be brought in Commonwealth Court so long as the Secretary is a party even though the alleged violations all occurred in Cumberland County. The Secretary is charged with promulgating the Welfare Department's rules and regulations subject only to approval of the Commission of the Welfare Department, a body created to advise the Secretary by the Act of May 25, 1921, P.L. 1144, § 6, *as amended*, 71 P.S. § 1466. Under the Welfare Code, the Welfare Department is charged with establishing "rules, regulations and standards, consistent with the law, as to eligibility for assistance and as to its nature and extent." Welfare Code, *supra*, § 403(b), 62 P.S. § 403(b) (Supp.1987). Since all of appellees' present claims challenge the validity of Welfare Department regulations, the Secretary of the Welfare Department is an appropriate defendant.

4. The Executive Director and the Employment Officer of the Cumberland County Board of Assistance have no function outside of Cumberland County. They do not have a state-wide policymaking function. *Rhines v. Herzel, supra; Wallace v. Department of Public Welfare, supra.*

Although this case involves the Secretary and meets the threshold requirement of Commonwealth Court jurisdiction under Section 761(a), the court, nevertheless, had to consider that Section's exceptions before ruling on the issue. It did so. Relying on our decision in *Balshy v. Rank, supra,* Commonwealth Court held that the present Section 1983 suit for injunctive and declaratory relief was in the "nature of a trespass" and therefore the fifth exception to its original jurisdiction applied.[5]

Commonwealth Court's reliance on *Balshy* is misplaced. In *Balshy,* we held that the Legislature intended to exclude all tort actions for *money damages* from Commonwealth Court's original jurisdiction, whether based on common law trespass or Section 1983, because *all* of these actions were in the "nature of a trespass" in that they sought money damages as redress for an unlawful injury. Our precise holding in *Balshy* was that:

> the clear intent of the General Assembly is that actions against the Commonwealth or its officers acting in their official capacity *for money damages based on tort liability* are outside the original jurisdiction of Commonwealth Court and are properly commenced in the Courts of Common Pleas.

*Id.* 507 Pa. at 396, 490 A.2d at 420–21 (emphasis added). In an opinion by Mr. Justice Flaherty, we noted that "[a]n action in trespass would lie for redress in the shape of *money damages* for any unlawful injury done to the plaintiff, in respect either to his person, property, or rights, by the immediate force and violence of the defendant." *Id.,* 507 Pa. at 395, 490 A.2d at 420 (quoting *Black's Law Dictionary,* Rev. 4th Ed. 1674 (1968)) (emphasis added). We then observed that a Section 1983 action for money damages is actually "a civil action, sounding in trespass," since in both an action in trespass and a Section 1983 action for money damages, the plaintiff seeks redress in the form of money for an unlawful injury. Therefore, we concluded

---

5. Commonwealth Court apparently felt that the claims based on state law were also in the "nature of a trespass."

that the Legislature intended to include Section 1983 actions for *money damages* in Section 761(a)(1)(v) when it excluded actions in the "nature of trespass" from Commonwealth Court's original jurisdiction.

When a party seeks injunctive and declaratory relief through a Section 1983 action, it is not in the "nature of trespass." [6]   It has long been the law of this Commonwealth that a party should not seek equitable relief when a legal action, such as an action in trespass, would provide an adequate remedy.  In *Carelli v. Lyter*, 430 Pa. 543, 244 A.2d 6 (1968), we stated that when there was an adequate legal remedy, such as an action in trespass, it was appropriate for a court in equity to "transfer the case to the law side of the court for disposition." *Id.*, 430 Pa. at 547, 244 A.2d at 8.  In *Jones v. Amsel*, 388 Pa. 47, 130 A.2d 119 (1957), *overruled on other grounds, Carelli v. Lyter, supra*, we reasoned that an action in equity was inappropriate where "the measure of damages in *trespass actions* is flexible enough to properly recompense these plaintiffs for their loss." *Id.*, 388 Pa. at 54, 130 A.2d at 123 (emphasis added).

■   In the present case, appellees have brought an action for injunctive and declaratory relief which attempts to *restrain* the Secretary from enforcing allegedly invalid regulations.  We do not believe that the Legislature intended to exclude such suits from Commonwealth Court's original jurisdiction.  Evidence of legislative intent can be found in Section 761(a)(1)(v), which does not generally exclude actions in the "nature of trespass," but only actions in the "nature of trespass *as to which the Commonwealth government formerly enjoyed sovereign or other immunity.*" 42 Pa.C.S. § 761(a)(1)(v) (emphasis added).

Before the doctrine of sovereign immunity was abrogated by this Court in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), sovereign immunity did *not* apply to suits to restrain state officers

6.  Again, we are assuming, as we must for the purposes of this appeal, that there is no adequate remedy at law.

from performing particular acts. *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963); *Roy Stone Transfer Corp. v. Messner*, 377 Pa. 234, 103 A.2d 700 (1954); *Shirks Motor Express Corp. v. Messner*, 375 Pa. 450, 100 A.2d 913 (1953).

In *Philadelphia Life Insurance Company v. Commonwealth, supra,* the plaintiff wanted to restrain state officials from enforcing a tax statute which it alleged was unconstitutional. The officials, relying on the doctrine of sovereign immunity, argued that the suit should be dismissed since they had not consented to it. We rejected this argument, reasoning:

> The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity.

*Id.* 410 Pa. at 576, 190 A.2d at 114 (emphasis in original).

This suit seeks both injunctive and declaratory relief. Although declaratory relief does affirmatively affect the functioning of state officials administering our statutory law, it does not directly compel an affirmative act. Therefore, the same reasoning should apply to suits for declaratory relief. Under the Declaratory Judgments Act, a litigant may obtain a declaration of his rights as to a particular controversy without any consequential relief being awarded. 42 Pa.C.S. § 7532. In this case, appellees want a declaration as to the validity of the Department's regulations at issue. In *Delaware Valley Apartment House Owners' Ass'n v. Department of Revenue*, 36 Pa. Commonwealth Ct. 615, 389 A.2d 234 (1978), Commonwealth Court recently applied the reasoning in *Philadelphia Life Insurance, supra,* to a suit seeking declaratory relief. In that case, it stated:

In the present action [for declaratory relief], the petitioners are not seeking to compel affirmative action on the part of state officials, or to obtain money damages or to recover property from the Commonwealth, but they seek merely a declaration that Section 201(m) is unconstitutional. On this basis we do not believe that the present action is barred by sovereign immunity.

*Id.* at 622, 389 A.2d at 238.

The present action, which seeks to restrain the Secretary of the Welfare Department and declare his regulations invalid, is not an action in the "nature of trespass" or an action "as to which the Commonwealth government formerly enjoyed sovereign or other immunity." Accordingly, we hold that this suit against a state official seeking to direct his official acts is within Commonwealth Court's jurisdiction under Section 761(a)(1) of the Judicial Code,[7] and not that of Cumberland County Common Pleas under the Section 761(a)(1)(v) exception, as that exception was interpreted in *Balshy.*

The order of Commonwealth Court transferring this suit to Cumberland County Common Pleas is reversed and the record remanded to Commonwealth Court for further proceedings consistent with this opinion.

---

7. Clearly, none of the other four exceptions to Section 761(a)(1) would apply in this case.