## Alexander et al. v. Coatesville Boiler Works.

*Evans, Bayard & Frick* and *Walter S. Talbot*, for plaintiffs.
*Saul, Ewing, Remick & Saul*, for defendant.

WINDLE, J., March 10, 1930.—Plaintiffs filed this bill in equity, setting forth that the defendant is about to erect and operate, on the property owned by it near their residences, a plant for fabrication of boilers, and that the operation thereof with the attendant noises will constitute a continuing nuisance, and praying that an injunction issue restraining such action by defendant and other relief. Defendant in its answer admits that it proposes to erect the plant described by plaintiffs, but denies that it will constitute a nuisance and that plaintiffs are entitled to the relief sought. Upon the issue thus formed trial was had and testimony taken.

### Findings of fact.

1. Plaintiffs are severally the owners of houses and lots situate in the City of Coatesville, Chester County, Pa., in a district known as Drumpelier, which is bounded on the north by the main line of the Pennsylvania Railroad and extends east from Ninth Avenue to the City Line and south to the City Line. The Lincoln Highway runs through said district, east and west.

2. Drumpelier is a purely residential district with homes ranging in value from $9000 to $65,000.

3. Defendant owns a tract of land in Caln Township, Chester County, adjoining said City of Coatesville and lying immediately north of said main line of the Pennsylvania Railroad, being bounded on the south thereby, extending from a northern extension of Eleventh Avenue in the city to a northern extension of Thirteenth Avenue and containing 31.657 acres. For a number

of years defendant has operated on said tract a foundry, machine shop and pattern shop and has stored material. Such operations have not proved objectionable to plaintiffs.

4. Defendant states it is about to erect on this tract above described a boiler factory and accessory structures, with equipment for the fabrication of boilers, tanks and other articles made of steel plate of one-quarter inch or more in thickness and castings. Said plant will be equipped with pneumatic and hydraulic riveters, capable of riveting plates varying in thickness from three-eighths of an inch to two inches. It will be double the capacity of defendant's present boiler factory in South Coatesville and will be equipped with fifty-four pneumatic air-guns.

5. Seventeen of plaintiffs' houses located on the north side of Lincoln Highway are within a radius of 1000 feet from the centre of the proposed plant and 60 per cent. of plaintiffs' houses located on the south side of Lincoln Highway are within a radius of 1500 feet from the centre of said plant.

### Discussion.

From the testimony presented it is impossible for the court to determine whether or not the operation of the suggested plant of defendant would constitute a nuisance restrainable at the prayer of the plaintiffs. The location of the plant on the premises owned by the defendant was rather indefinitely given by the general manager on the witness-stand, but no definite or final plan thereof had evidently been prepared. Such location might be altered many times before the buildings were erected. The equipment for said plant likewise was testified to by the same witness off-hand with no indication that any detailed list or even memorandum thereof had ever been made. Whether the articles enumerated would be increased or decreased in number and size is not free from doubt. Both the location of the buildings and the equipment thereof vitally affect the question of the existence or non-existence of a nuisance in this particular case.

Even with those matters definitely settled, however, we would still be unable to find as a fact whether or not the noises emanating from the plant would be so objectionable and annoying as to be restrainable. Our opinion, based on all the evidence both parties were able to present, would be little more than a guess. Different localities and terrains affect sounds so differently that observations made at one plant are of little weight when considering the carrying qualities of similar sounds from another such plant at another place. Expert testimony as to the intensity of sound from one pneumatic hammer, even if understood, helps but little. We are not certain that the operation of the plant proposed would constitute a nuisance to the plaintiffs.

Under the circumstances outlined above, we are unable to grant the injunction prayed for: New Castle v. Raney, 130 Pa. 546, in which the court's opinion concludes as follows: "Heretofore the jurisdiction of equity has been confined to nuisances per se, or when the right is clear, or has been settled by the verdict of a jury. We think it better to adhere to the beaten track." In that case the court refused to restrain operation of an old mill dam because it had not been established as a nuisance by an action at law, saying: "Whether it is a nuisance at all depends upon the testimony, and that is conflicting." In Vandivort v. Hunter, 265 Pa. 585, an injunction against alleged contamination of plaintiff's spring by defendant's cesspool was refused, the opinion of the Supreme Court, after citing New Castle v. Raney, supra; Mirkil v. Morgan, 134 Pa. 144; Mowday v. Moore, 133 Pa. 598, and Piro v. Shipley, 211 Pa. 36, containing the following language: "We will not attempt any

discussion of the evidence; it is enough to know that it left the mind of the court in such doubt and perplexity as to whether the cesspool had any connection whatever with the spring, that he felt he could do nothing but refuse the injunction prayed for and dismiss the bill." In Manegold v. Foundry Co., 17 Dist. R. 973, Judge Endlich, of Berks County, in a well considered opinion, after reviewing the authorities, says: "We have, then, the rule that in cases of alleged nuisance, where the facts upon which the plaintiff's right rests have not first been established by an action at law, equity will interfere by injunction only if the material facts are either admitted by defendant or not drawn in question by the proofs, or if the latter so strongly uphold them that a contrary verdict of a jury upon the same evidence in an action at law would not be suffered to stand," and states one conclusion of law as follows: "In so far as the plaintiff's action is founded upon interference by defendant with her personal comfort and the impairment by reason thereof of her use and enjoyment of her property, her right rests in facts which are disputed and not proven by the evidence with the degree of certainty required to warrant the granting of the injunction prayed for."

In the case before us, then, we are not satisfied that plaintiffs' right is "clear and the facts upon which it rests uncontested." Indeed, there is much contest as to the annoyance that would be caused plaintiffs by the operation of defendant's proposed plant and as to the facts themselves that would constitute such annoyance, to wit, the amount of noise generated, the carrying qualities and intensity thereof, whether it would be blanketed by the noise of the trains on the railroad and motor vehicles on the highway and other matters of like nature. As we have said above, we feel a definite finding of fact in regard thereto would be little more than a guess, and upon guesses we may not grant injunctions.

However, it is not certain that the suggested plant of defendant when finally completed and in operation as described from the witness-stand will not be a nuisance to plaintiffs. It may well be, but only the actual operation thereof can furnish the evidence to establish or disprove such contentions. Consequently, we feel that plaintiffs should not be precluded by the court at this time and on this application from seeking and, if proper, obtaining any appropriate relief in the future should conditions warrant. In dismissing the bill, therefore, we do so without prejudice to the plaintiffs' right to present another or to institute any other suitable action in the premises, if and when in the future conditions render it necessary to do so.

### Conclusion of law.

Plaintiffs' proofs do not establish their right to the relief by injunction prayed for, and their bill must, therefore, be dismissed, without prejudice, however, to their rights to institute appropriate action in the premises in the future.

The following will be entered as the final decree, unless exceptions to our findings and conclusions are filed within ten days after notice of the entry thereof is given by the prothonotary to the parties hereto or their counsel of record:

### Decree.

And now, to wit, March 10, 1930, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows: The bill in equity in this suit filed is dismissed, without prejudice, however, to the rights of the plaintiffs at any time in the future to institute appropriate action in the premises to seek relief. The costs to be paid by plaintiffs.

From Truman D. Wade, West Chester, Pa.