Claude E. Fawber et al., Plaintiffs *v.* Walter W. Cohen, Individually and as Secretary, Department of Public Welfare of Pennsylvania et al., Defendants.

Argued June 5, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, BARRY, COLINS and PALLADINO.

560

■■■■■■■■■■■■■■■■■■■

*Samuel W. Milkes,* with him, *Jane Muller-Peterson,* for plaintiffs.

*Ellis M. Saull,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for defendants.

OPINION BY JUDGE MACPHAIL, September 10, 1985:
Plaintiffs invoke the original jurisdiction of this Court seeking declaratory judgment and injunctive relief against state and county officials of the Department of Public Welfare (DPW) charged with the administration of the Aid to Families with Dependent Children (AFDC) Program. Plaintiffs contend that the Community Work Experience Program (CWEP) is being improperly administered in violation of their civil rights under 42 U.S.C. §1983 (Section 1983). Before us are cross-motions for summary judgment.

Because the gravamen of Plaintiffs' complaint are violations of Section 1983, we requested the parties to address the nature of this Court's jurisdiction at oral argument in light of our Supreme Court's recent decision, *Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985). The *Balshy* Court held that "actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability are outside the original jurisdiction of the Commonwealth Court and are properly commenced in the

Courts of Common Pleas." *Balshy v. Rank,* 507 Pa. 384, 396, 490 A.2d 415, 420-21 (1985). The Supreme Court also concluded that actions brought pursuant to Section 1983 are actions in the nature of trespass which would be excepted from our original jurisdiction.

Plaintiffs' counsel skillfully argued that notwithstanding *Balshy,* jurisdiction over the instant action is in the Commonwealth Court because (1) the *Balshy* holding is limited to actions for *money damages,* whereas the Plaintiffs in the instant case seek declaratory or injunctive relief and (2) *Balshy* involved only an individual trespass action, whereas here we are presented with a class action.

DPW also argued that jurisdiction over this Section 1983 action should be in the Commonwealth Court, adding that an action for a declaratory judgment is the proper procedure to determine whether Plaintiffs' Section 1983 rights have been violated.[1]

Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1)(v) provides that this Court has exclusive original jurisdiction of causes of action against the Commonwealth, including any officer acting in his official capacity, excepting "actions or proceedings in the nature of a trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass."

In holding that the Commonwealth Court does not have original jurisdiction over Section 1983 actions, the *Balshy* Court reviewed the evolution of 42 Pa. C. S. §761. The Supreme Court noted that in every instance where sovereign immunity from tort liability was limited, the General Assembly immediately took

---

[1] Declaratory relief is authorized by the Declaratory Judgment Act, 42 Pa. C. S. §§7531-7541.

action designed to vest jurisdiction over these causes of action in the courts of common pleas:

> Thus, we see that each time it became apparent to the General Assembly that actions for tort liability could be maintained against the Commonwealth or its officers in Commonwealth Court the General Assembly amended §761 to provide that those actions be brought in Common Pleas Court and not in Commonwealth Court. This leads us inescapably to the conclusion that there exists a legislative intent that *all* actions against the Commonwealth or its officers acting in their official capacity, asserting tort liability, are outside the original jurisdiction of the Commonwealth Court.

*Balshy v. Rank*, 507 Pa. at 394, 490 A.2d at 420 (emphasis added).

Although the Court apparently limited its holding to actions against the Commonwealth or its officers acting in their official capacity for money damages based on tort liability, we do not believe that the Court intended the limitation to apply literally. Such a limitation would abrogate the legislature's intent that *all* actions against the Commonwealth or its officers acting in its official capacity based on tort liability be brought in the courts of common pleas. The emphasis in *Balshy* was on the nature of the liability asserted and not upon the requested relief: we do not have jurisdiction over Section 1983 claims because they are a species of tort liability for which the Commonwealth formerly enjoyed sovereign immunity, not because money damages might be assessed. We also do not believe that because a class of persons, as opposed to an individual, have asserted violations of Section 1983 alters the fact that we do not have subject matter jurisdiction over Section 1983 causes of action.

We note that the Declaratory Judgment Act is not a statute conferring jurisdiction. Before a court can grant relief pursuant to the Declaratory Judgment Act, that court must have subject matter jurisdiction. Merely because declaratory relief is the requested remedy does not vest subject matter jurisdiction over the cause of action asserted herein.

We must conclude that we do not have jurisdiction over Plaintiffs' complaint. Accordingly, we will transfer this action to the appropriate court of common pleas.

ORDER

The order of this Court entered May 24, 1985, in the above-captioned matter is hereby vacated. The action is transferred to the Cumberland County Court of Common Pleas pursuant to Pa. R.C.P. No. 213(f) for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

ORDER

Upon consideration of the motion of Claude E. Fawber, et al. to amend the order of this Court entered September 10, 1985 by adding language authorized by 42 Pa. C. S. §702(b), the said Order is hereby amended to read as follows:

The Order of this Court entered May 24, 1985, in the above-captioned matter is hereby vacated. The action is transferred to the Cumberland County Court of Common Pleas pursuant to Pa. R.C.P. No. 213(f) for further proceedings not inconsistent with this opinion.

Jurisdiction relinquished.

This Order involves a controlling question of law as to which there is a substantial ground for difference of opinion. An immediate appeal from this Order may materially advance the ultimate termination of this matter.